IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RURAL HICKS-BEY, # 04171-000, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-cv-17-DRH |
| | ) |
| J.S. WALTON and | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, who is currently incarcerated in the Federal Correctional Institution at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Petitioner alleges that he has not received education good time credits ("EGTC") for coursework he completed during his incarceration (Doc. 1). According to the petition, petitioner is eligible to receive these credits pursuant to the District of Columbia Code. Because he has not, petitioner's mandatory release date is set for June 1, 2015 (Doc. 1, p. 18). Petitioner claims that he should be released in mid-2014.

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I. THE HABEAS PETITION

According to the petition, the District of Columbia Superior Court sentenced petitioner on May 23, 1991, to an eight year prison term, followed by five years of probation, for a "carnal knowledge" conviction. Petitioner alleges that he was subject to a prison term of 11 to 33 years for this offense (Doc. 1, p. 8). Due to several parole violations following the discharge of his original sentence, petitioner's parole was repeatedly revoked, and his original sentence of 11 to 33 years was reinstated. Between 1992 and the date he filed this action, petitioner was allegedly housed at Federal Correctional Institutions in Lorton, Virginia ("Lorton") (1992-95); Three Rivers, Texas ("Three Rivers") (1995-97);[1] Pollock, Louisiana ("Pollock") (2002-07); Jesup, Georgia ("Jesup") (2008); Marianna, Florida ("Marianna") (2008-10); and Marion, Illinois ("Marion") (2010-present) (Doc. 1, pp. 8-15).

Petitioner claims that he was entitled to receive EGTC for successfully completing adult continuing education coursework during his incarceration at each institution. The authority for EGTC is found in the District of Columbia Good Time Credits Act, which, according to the petition, provides that "[e]very person whose conduct complies with institution rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational

---

[1] Although petitioner was incarcerated at different times between 1998 and 2001, the allegations in the Petition do not indicate where he was housed (Doc. 1, pp. 8-9).

program . . . shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month" (Doc. 1, p. 18). These credits allegedly reduce petitioner's prison sentence.

Petitioner claims that he successfully completed coursework at Pollock and Jesup without receiving EGTC from either institution (Doc. 1, p. 18). He first discovered this when he reviewed a copy of his Sentence Monitoring Good Time Data on July 30, 2012 (Doc. 1, pp. 11-12). Petitioner allegedly understood that he could receive no more than five days per month of EGTC. Even so, he expected to receive credit for the following courses at Pollock: (1) Conversational Spanish (July 8, 2002 – Sept. 16, 2002); (2) Drug Education (Dec. 9, 2002 – Mar. 7, 2003); (3) Legal Research (Jan. 8, 2003 – Apr. 2, 2003); (4) Constitutional Law (Mar. 20, 2004 – May 8, 2004); (5) International Law (July 17, 2004 – Sept. 19, 2004); (6) International Law II (Oct. 9, 2004 – Dec. 18, 2004); (7) Small Business (Aug. 31, 2006 – Dec. 7, 2006); and (8) Anger Management (Sept. 26, 2007 – Oct. 24, 2007) (Doc. 1, p. 11). Petitioner also expected to receive EGTC for the following educational courses that he completed at Jesup: (1) Real Estate (May 12, 2008 – July 28, 2008); and (2) Business Finance (Aug. 5, 2008 – Oct. 30, 2008) (Doc. 1, p. 11). Petitioner claims to have satisfied all other conditions for receiving this credit.

Petitioner's mandatory release date is presently set for June 1, 2015 (Doc. 1, p. 18). He has a projected satisfactory release date of March 20, 2015. However, petitioner claims that his release date should be set for mid-2014,

based on the EGTC that he has earned and is allegedly entitled to receive.

Petitioner took numerous steps to exhaust his administrative remedies[2] prior to filing this action. Following several unsuccessful attempts to seek relief (Doc. 1, p. 5), petitioner filed a Request for Administrative Remedy – Informal Resolution (BP-8) on June 13, 2013 (Doc. 1, p. 6). He received an unsatisfactory response on July 27, 2013. He then filed a Request for Administrative Remedy Appeal (BP-9) on August 5, 2013, and received a final response on September 11, 2013. The same day, petitioner filed a Regional Administrative Remedy Appeal (BP-10) and received a response on October 29, 2013. He then filed a Central Office Administrative Remedy Appeal (BP-11) on October 30, 2013. As of the date he filed this action, petitioner had received no response.

Petitioner has filed this habeas action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He seeks a credit of five days per month for the educational programs he successfully completed at Pollock and Jesup, as well as a corresponding adjustment of his release date to mid-2014 (Doc. 1, p. 19). He has named Marion's warden, J. S. Walton ("Warden Walton"), and the Federal Bureau of Prisons as Respondents (Doc. 1, p. 1).

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

## II.  DISCUSSION

Without commenting on the merits of petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. However, in a habeas corpus proceeding, an individual respondent who has the authority to bring the petitioner before the Court must be named. This individual is the prisoner's custodian, i.e., the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006). Accordingly, petitioner shall be allowed to proceed with his claim against Warden Walton, but the Federal Bureau of Prisons shall be dismissed from this action with prejudice.

## III.  PENDING MOTION

Petitioner has filed a Motion for Permission to File an Addendum (Doc. 4). In the motion, petitioner seeks permission to add several exhibits to the Petition for Writ of Habeas Corpus (Doc. 1). The motion is **GRANTED**.

## IV.  DISPOSITION

**IT IS HEREBY ORDERED** that Respondent **FEDERAL BUREAU OF PRISONS** is **DISMISSED with prejudice** from this action.

**IT IS ALSO ORDERED** that Respondent J.S. Walton shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United

States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 11th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.11 14:00:55 -06'00'

**Chief Judge**
**United States District Court**