IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RURAL HICKS-BEY,** | ) |
| | ) |
|        **Petitioner,** | ) |
| | ) |
| vs. | ) Civil No.  14-cv-017-CJP[1] |
| | ) |
| **J. S. WALTON,** | ) |
| | ) |
|        **Respondent.** | ) |

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Rural Hicks-Bey filed a petition for habeas relief pursuant to 28 U.S.C. §2241, asserting that the BOP failed to award him educational credits to which he is entitled.

Hicks-Bey was convicted of "carnal knowledge" in the Superior Court of the District of Columbia in 1991, and was sentenced to 11 to 33 years imprisonment. His sentence was suspended except for 8 years imprisonment followed by 5 years of probation. Because of overcrowding in the D.C. Department of Corrections, he was transferred to the BOP in 1995. He was released in 1997, but his probation was revoked in 1998. He was released again in 1999, but his probation was revoked in 2001. His original sentence of 11 to 33 years imprisonment has been reinstated, with credit for time served. Doc. 1, pp. 8-9.

Petitioner alleges that he has completed educational programs which

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 24.

qualify for District of Columbia Educational Good Time while in the BOP, but has not been credited with the good conduct days on his sentence computation.

Respondent concedes that petitioner is correct.  He states that the "BOP has recognized the merits of Petitioner's assertions and has subsequently granted Petitioner's requested relief."  Doc. 30, p. 1.  Attached to the response are two exhibits showing that the BOP has adjusted petitioner's sentence computation by crediting him with the District of Columbia Educational Good Time credits to which he is entitled.  Doc. 30, Ex. 1 & 2.

Hicks-Bey has filed a reply at Doc. 31 in which he declares that the BOP has, in fact, corrected his sentence computation.  He states that he has "no further complaint."

The Court finds that petitioner has received the relief he sought.  Accordingly, this action is moot, and is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

 IT IS SO ORDERED.

DATE:  April 17, 2014.

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**